```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
| WILL SINGLETON, et al., | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 5:07-230-JMH<br>) |
| v. | )<br>) |
| SELECT SPECIALTY HOSPITAL-<br>LEXINGTON, INC. and SELECT<br>MEDICAL CORP., | ) **MEMORANDUM OPINION**<br>) **AND ORDER**<br>)<br>) |
| Defendants. | )<br>) |

                    **   **   **   **   **

This matter is before the Court on Defendants' Motions in Limine [Record Nos. 35, 36, 37]. Plaintiffs have responded and Defendants have replied. The Court notes that Summary Judgment has been granted in favor of Defendants on all claims save Plaintiff Jackson's retaliation claim under 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the KCRA. The motions are ripe for review and for the reasons that follow, shall be granted in favor of Defendants.

First, Defendants ask to exclude evidence of non-similarly situated employees at Select Specialty Hospital-Lexington, Inc., ("Select"). Specifically, Select seeks to prevent Plaintiff from introducing alleged actions toward other Select employees that Plaintiff alleges are similarly-situated. Under FRE 402, "[e]vidence which is not relevant is not admissible." The sole remaining claim in this action is a retaliation claim. Evidence of

similarly-situated employees is not relevant in a retaliation claim. Thus, Select's Motion in Limine regarding this evidence shall be granted.

Second, Defendants ask this Court to prevent Plaintiff from introducing evidence of complaints of discrimination from other Select employees who are not parties to this action. Under FRE 404(b), evidence of "other crimes, wrongs, or acts is not admissible to proved the character of a person in conformity therewith." Moreover, under FRE 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury . . . ." Plaintiff suggests that evidence of other discrimination complaints is relevant to proving that Jackson was not the source of excessive complaints of discrimination. However, the introduction of this evidence, if otherwise admissible, is likely to confuse the issues pertinent to Plaintiff Jackson's retaliation claim such that a jury could impermissibly rely on these alleged bad acts to prove Select's conformity therewith in the case at bar. Select's motion regarding this evidence shall be granted.

Finally, Defendants ask the Court to prevent Plaintiff from introducing extrinsic evidence concerning Select CEO Rick Daugherty's ("Daugherty") involvement in alleged billing fraud or improper billing practices at Select. They also ask that the Court prevent any questions at trial regarding alleged billing fraud or

improper billing practices by Daugherty or Select. FRE 608(b) proscribes attacking a witness' character for truthfulness with extrinsic evidence. However, the rule gives the district court discretion to allow inquiry on cross-examination into a witness' character for truthfulness. As always, relevant evidence is subjected to the balancing test under FRE 403. In this case, proof of Daugherty's alleged involvement in improper billing practices by extrinsic evidence is clearly barred by FRE 608(b). Based on her Response, Plaintiff anticipates attacking Daugherty's credibility by asking Daugherty about his involvement in any fraud at Select or by inquiring into the circumstances of his termination from Select. In this case, allowing Plaintiff to "ask the question" in a retaliation case would almost certainly lead to jury confusion and possibly a decision on an improper basis, which FRE 608(b) seeks to avoid. Select's motion regarding this evidence shall be granted.

Accordingly, **IT IS ORDERED**:

(1) that Defendants' Motions in Limine [Record Nos. 35, 36, 37] be, and the same hereby are, **GRANTED**, and

(2) that evidence concerning the following shall be excluded from trial:

(a) evidence of non-similarly situated employees at Select Specialty Hospital-Lexington, Inc.,

(b) evidence of complaints of discrimination from other Select employees, and

(c) extrinsic evidence regarding the Select CEO's involvement in alleged billing fraud or improper billing practices, or any questions of witnesses regarding the same.

This the 29th day of January, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge