UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| WILL SINGLETON, et al., )<br>)<br>    Plaintiffs, )<br>) Civil Action No. 5:07-230-JMH<br>v. )<br>)<br>SELECT SPECIALTY HOSPITAL- )  **MEMORANDUM OPINION**<br>LEXINGTON, INC. and SELECT )  **AND ORDER**<br>MEDICAL CORP., )<br>)<br>    Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on a bill of costs submitted by Defendants, requesting that the Court tax $20,667.35 as costs against Plaintiffs, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 [Record No. 86]. Plaintiffs responded to the motion for costs [Record No. 89] and Defendants replied [Record No. 91]. Subsequently, the Clerk of the Court taxed $19,067.35 as costs against Plaintiffs [Record No. 92]. Plaintiffs objected to the amount taxed [Record No. 94]. Defendants responded [Record No. 95] and Plaintiff replied [Record No. 96]. Fully briefed, this matter is ripe for a decision. For the reasons that follow, Defendants shall be awarded $16,622.29 as costs against Plaintiffs, jointly and severally.

**I.  BACKGROUND**

On December 2, 2008, this Court consolidated two employment discrimination cases filed against Defendants, upon agreement of the parties. The six plaintiffs claimed that Defendants violated

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Kentucky Civil Rights Act by discriminating on the basis of race and by retaliating against them for protected activity. Various plaintiffs also raised claims of defamation and tortious interference with business interest. Defendants moved for summary judgment against the six plaintiffs in four separate motions [Record Nos. 23, 27, 28, 29]. On January 27, 2009, the Court granted in part and denied in part Defendants' motion for summary judgment against three Plaintiffs [Record No. 29], leaving Plaintiff Rotasha Jackson's ("Jackson") retaliation claim pending. The remaining three motions for summary judgment were granted in Defendants' favor [Record No. 63] and judgment was entered against all Plaintiffs, except Jackson, on March 17, 2009 [Record No. 85]. Jackson's claim against Defendants was subsequently settled [Record No. 83]. Thus, Defendants prevailed against five of the six Plaintiffs before this Court. Plaintiffs Will Singleton ("Singleton") and Monica Hall ("Hall") have filed notices of appeal [Record Nos. 88, 90].

Plaintiffs now argue that the costs are unnecessary and unreasonable as they relate to two Plaintiffs, Singleton and Hall. Plaintiffs also argue that the costs should be apportioned among the Plaintiffs, that the Court should wait until after Singleton and Hall's appeals are decided to tax costs, and that Singleton and

Hall are unable to satisfy an award of costs. Defendants argue that the costs incurred were reasonable, necessary, and not simply for their convenience. They argue that Plaintiffs have not carried their burden of overcoming the presumption that costs should be awarded to Defendants as the prevailing party.

**II. ANALYSIS**

Defendants are awarded $16,622.29 of their costs in this action. Defendants asked the Court to tax $17,730.40 in deposition costs, $2,226.95 in copying costs, and $710 in subpoena fees. The total amount sought was $20,667.35. "[C]osts—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The costs Defendants seek from Plaintiffs are statutorily authorized. 28 U.S.C. § 1920. The Court, however, has discretion to decline requests for costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). The Court declines to tax $3,781 of Defendants' deposition costs, $145.73 of copying costs, and $118.33 of subpoena fees. Subtracting these sums from Defendants' requested amount leaves $16,622.29 as costs that will be taxed against Plaintiffs, further explained below.

Costs related to Jackson will not be taxed against Plaintiffs. The Court declines to tax costs related to Jackson against Plaintiffs because Jackson and Defendants settled her claims and each party agreed to bear their own costs [Record No. 83].

Moreover, the Court ordered the parties to bear their own costs [Record No. 84]. Defendants' prevailed against Jackson on all but one of her claims. While her retaliation claim was ultimately the only claim settled, the Court declines to calculate how much of Defendants costs arose from that claim alone. Neither party has briefed the issue, despite exhaustive opportunities to do so. Jackson's deposition costs – $2,181 – will not be taxed against Plaintiffs.

Similarly, costs of copies related to Jackson's claims will not be taxed against Plaintiffs. Defendants listed a number of copy costs related to Jackson. One item, amounting to $21.50, related solely to Jackson's medical records. Two other items, totaling $10.80, listed Jackson along with one other plaintiff. Still other items failed to note to which plaintiffs the costs related. The cost of copying Jackson's medical records will not be taxed. The remaining costs will be reduced by the proportion of Jackson's relation to those costs – for the items where Jackson's name was listed, one-half of $10.80 will be taxed and one-sixth of the remaining, undelineated items because Jackson was one of six plaintiffs. The amount of copying cost reductions equals $145.73. In short, Defendants will be awarded $2,081.22 as copy costs against Plaintiff.

Jackson's proportional share of the subpoena fees will not be awarded. Defendants listed $710 as subpoena fees but failed to

break this cost down per plaintiff, and Plaintiffs' objections failed to clarify this issue. Dividing this cost among the six plaintiffs yields a reduction of $118.33 for Jackson's share of the subpoena fees.

Defendants are denied the cost of videotaped depositions, $1,600, as the Clerk of the Court previously denied. Taxing the cost of videotaped depositions is permitted under § 1920, but not required. *BDT Prods., Inc.*, 405 F.3d at 420; *Thalji v. Teco Barge Line*, No. 5:05-cv-226, 2007 WL 2827527, at *3 (W.D. Ky. Sept. 28, 2007); *Ibrahim v. Food Lion, Inc.*, No. 97-5343, 1998 WL 381326, at *2 (6th Cir. June 26, 1998). In this case, the cost of videotaping Singleton's deposition will not be taxed against Plaintiffs because the video was not necessary. Written transcripts of Singleton's deposition were available and adequately supported Defendants' motion for summary judgment against Singleton. Furthermore, Singleton's video deposition did not appear necessary, should the case have progressed, because none of the other plaintiffs were videotaped. The video deposition was for Defendants' convenience and not necessary. The total deposition costs taxed will be $13,949.40. In addition to the cost of copies and subpoena fees, the total costs taxed against Plaintiffs will be $16,622.29.

Plaintiffs argue (1) that the costs taxed by the Clerk of Court should be reduced because the costs claimed are unnecessary and unreasonable, (2) that the Court should apportion the costs

among the plaintiffs, (3) that a ruling on this motion for costs be stayed until Singleton and Hall's appeals are decided, and (4) that Singleton and Hall are unable to satisfy the Bill of Costs. The Court rejects these arguments for the following reasons.

The costs listed by Defendants were necessary and reasonable.[1] Statutory authority exists for taxing the items claimed by Defendants. *See* 28 U.S.C. § 1920; *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). "[T]he party objecting to the clerk's taxation has the burden of persuading the court that [taxation] was improper." *BDT Prods., Inc.*, 405 F.3d at 420. Plaintiffs have not carried their burden. The deponents in this case were either parties to the suit or were key witnesses, identified by the parties as important to the case. Testimony from the deponents was critical to Defendants' motions for summary judgment and the Court's decision on those motions. Plaintiffs argue that some of the depositions were unnecessary because Defendants did not rely on them in every motion for summary judgment. The record, however, shows that each deposition for which Defendants claimed costs was relied on by Defendants.

Plaintiffs are jointly and severally liable for the costs owed to Defendants. "Imposing only individual liability . . . would be inconsistent with the presumption embodied in Rule 54(d) . . . that

---

[1] As noted previously, costs related to Jackson will not be taxed against Plaintiffs. The Court need not decide whether those costs were necessary and the analysis that follows pertains only to the remaining plaintiffs.

a prevailing party is entitled to recover all of its costs." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002); *see In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 454 (3d Cir. 2000). "The [non-prevailing parties] should allocate the risk of costs among themselves, or any party satisfying the judgment could seek contribution from the others." *Concord Boat Corp.*, 309 F.3d at 497. Plaintiffs ask the Court to apportion costs among the plaintiffs. Plaintiffs, however, are in a far better position to divide Defendants' costs among themselves. To the extent that any one plaintiff shoulders the cost of any other plaintiff, that plaintiff may seek contribution from the others. Many of Defendants' costs reference specific plaintiffs and the remaining items might simply be divided equally among the parties.

Plaintiffs make much of the costs related to Singleton and Hall, and focus their argument on eliminating those costs. For example, Plaintiffs contend that some depositions were not used by Defendants in their motions for summary judgment against Singleton or Hall and, therefore, should not be taxed against Singleton or Hall. This reasoning ignores several key facts. First, neither Singleton nor Hall were a prevailing party and costs should be allowed against them. Second, Singleton's case was consolidated, by the parties' agreement, for discovery [Record No. 10, n.1] with that of the other plaintiffs, in part, to avoid unnecessary cost and also because of the common legal issues and facts linking all

Plaintiffs. *See* Fed. R. Civ. P. 42. Plaintiffs used the consolidation of the six plaintiffs' claims of discrimination to their tactical advantage in this case. In fact, Jackson's claim of retaliation survived summary judgment in part because there was a lack of any meaningful investigation into her allegations, in contrast to Defendants' investigation of Singleton's claims [Record No. 63, p. 25]. Finally, joint and several liability allows Defendants to recover their costs fully, and Plaintiffs may divide the costs as they see fit and seek contribution from fellow plaintiffs if necessary. Presumably, Singleton and Hall could recover from their co-plaintiffs because the other Plaintiffs in this action failed to object to the bill of costs.

Plaintiffs' remaining arguments fail as a matter of law. District Courts have authority to tax costs after a judgment is entered despite an appeal being taken. *See* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax . . . costs); Fed. R. Civ. P. 54(d); *cf.* Fed. R. App. P. 39(d). Indigence is not a factor courts consider in determining whether to tax costs. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989); *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987). "[W]hile an assessment of *costs* will not be reversed on the basis of indigency, district judges are encouraged to consider the question of indigency fully for the record." *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987). The affidavits Singleton and Hall submitted in

support of their claim were attached to Plaintiff's reply, and thus Defendants did not have an opportunity to respond to Plaintiffs claims. Regardless, the inability to pay argument is undercut by their affidavits, which expressly assume the full amount of costs would be borne in toto by each of them and state that the costs are partly attributable to other plaintiffs [Record No. 96, Ex. 1 & 2]. Singleton and Hall would be jointly and severally liable but would be able to seek contribution from their fellow plaintiffs, save Jackson, for the costs. Therefore, the affidavits do not present an accurate picture of Singleton and Hall's ability to pay costs.

Finally, Plaintiffs raise other arguments for the first time in their reply brief. Defendants did not have an opportunity to respond to these arguments and, thus, they are waived. *Barany-Snyder v. Weinder*, 539 F.3d 327, 331-32 (6th Cir. 2008); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). The Court will consider them no further.

**III. CONCLUSION**

Accordingly, **IT IS ORDERED**:

(1) that Defendants' request that the Clerk tax costs against Plaintiffs [Record No. 86] be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**; and

(2) that the Clerk shall tax as costs the amount of **$16,622.29**.

This the 10th day of June, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge